## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF MASSACHUSETTS

Case Docket No.:

_____

Kelechi Linardon, an Individual
Pro Se, and on behalf of all others similarly situated **if a class is determined**

    **Plaintiff,**

      v.

Executive Office of Health and Human Services
Kate Walsh- (in their individual and official capacities),
1 Ashburton Place, 02108

Montachusett Regional Transit Authority (MART) and
Jerry McDonald, in their individual and official capacities,
1427R Water Street, Fitchburg, MA 01420

DOES I through X, inclusive, and ROE
Business Entities I through X inclusive

    **Defendants**

_____



**COMPLAINT AND DEMAND FOR JURY**

**INTRODUCTION**

1. This is a Civil Action brought by Plaintiff, who is filing pro se and on behalf of all others similarly situated, against Defendants. The egregiousness of the behavior of the Defendants has Plaintiff under the belief that the Defendants have acted in the same way to many others similarly situated as her. Plaintiff alleges that the Defendants have violated her federally protected rights by engaging in a pattern of discrimination, harassment, and negligence. These actions have been committed in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 3601-3619; Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 et seq.; and related human rights statutes including 42 U.S.C. § 1983.

2. This is case brought by Plaintiff, who litigates not only on her own behalf but on behalf of all others similarly situated, against Defendant for violations of multiple Federal statutes including, but not limited to, Title VI of the Civil Rights Act of 1964, Title II of the Americans with Disabilities Act of 1990 ("ADA"), and Section 1983 of the Civil Rights Act of 1871, as well as for violations of human rights protections.

3. Plaintiff alleges that all actions and harms occurred in or within the Commonwealth of Massachusetts.

4. Plaintiff is a homecare nursing, disabled, wheelchair-bound patient with a disability within the meaning of 42 U.S.C. § 12102. For nearly a decade, Plaintiff has utilized transportation services provided by the Montachusett Regional Transit Authority ("MART"), a broker hired by the Secretary of Health and Human Services of Massachusetts and Mass Health, and has repeatedly suffered discrimination, harassment, abuse, and negligence while being transported to her medical appointments.

5. Specifically, Defendant – including MART and its Assistant Director, Member Services, Mr. Jerry McDonald – has intentionally, recklessly, and negligently deprived Plaintiff of timely, safe, and nondiscriminatory transportation in violation of her federal rights. These actions have exposed Plaintiff to severe physical injuries, excruciating emotional distress, and substantial financial hardship.

6. Plaintiff further alleges that Defendant had ample opportunity to prevent these continuing acts and to avoid imposing further irreparable harm upon Plaintiff and the class she represents.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to Article III, § 2 of the United States Constitution and under 28 U.S.C. §§ 1331, 1343(a), 1345, and 1367, as this action arises under the Constitution and Federal statutes, including Title VI of the Civil Rights Act, Section 1983 of the Civil Rights Act of 1871, and the ADA, 42 U.S.C. § 12131 et seq.

8. Federal jurisdiction is also proper because a federal law is an essential element of Plaintiff's cause of action, as disclosed on the face of this Complaint, and the claims raise significant issues affecting the interests of justice and the public interest.

9. Venue is proper in this District because all of the alleged harms and conduct or all of the harmed acts, or omissions giving rise to these claims, occurred in the Commonwealth of Massachusetts.

## PARTIES

10. Plaintiff, Kelechi Linardon, is a resident of Suffolk County, Massachusetts and is a homecare, nursing, disabled, wheelchair-bound patient who has been a member of MART for nearly a decade.

11. Defendant(s), Executive Office of Health and Human Services and Kate Walsh are individuals and/or public officials who, in their individual and/or official capacities, are responsible for the design, implementation, and oversight of MART's transportation services, and who have engaged in acts of intentional negligence, discriminatory Practices, and other misconduct as alleged herein.

12. Defendant Montachusett Regional Transit Authority ("MART") is a public transportation entity contracted by the State of Massachusetts to act as a health insurance medical transportation broker and to provide transportation services to patients, including hospital appointments.

13. Defendant Jerry McDonald is the Assistant Director, Member Services for MART, and in his individual and official capacities, is alleged to have engaged in discriminatory practices and retaliatory actions against Plaintiff.

14. The names and capacities, whether individual, corporate, associate or otherwise, of defendants and/or their alter egos sued herein as DOES I through X, and ROE Business Entities I through X, inclusive, are presently unknown, and **Plaintiff will amend this complaint to insert the name(s) when ascertained.**

## FACTUAL ALLEGATIONS

Plaintiff relies on the facts set forth below and incorporates herein by reference all prior and subsequent factual allegations:

a. Plaintiff has been a long-time member/patient using MART services for nearly ten years and which the defendants always have medical physicians PT1 form medical necessity prescriptions on the specific types of vehicle and seating location to provide for the plaintiff under the ADA reasonable accommodations act.

b. As a disabled individual with severe physical impairments, Plaintiff relies on MART to provide safe, reliable, and nondiscriminatory transportation to hospital appointments.

c. MART is state-contracted to transport patients under approved medically-necessary procedures (via the PT1 form), ensuring that vulnerable patients receive timely access to critical hospital services.

d. Over time, Plaintiff has experienced severe and repeated abuse, incidents of discrimination, including harassment based on disabilities, race, and gender. Plaintiff has been verbally assaulted, cruelly abused, dehumanized, mocked regarding the use of her medical mobility device (wheelchair), and physically harmed – resulting in injuries requiring emergency medical procedures and subsequent medical complications.

e. Plaintiff has also been repeatedly deprived of timely transportation, subject to retaliatory and punitive actions whenever she has complained about such mistreatment.

f. On January 29, 2024, Defendant Jerry McDonald violated federal law by denying rides to individuals with disabilities. On that day, he expressly informed Plaintiff that in order to continue receiving MART transportation, she must (i) be capable of placing her own power collapsible wheelchair into the vehicle without assistance, (ii) use a specific type of wheelchair of Defendant's choosing, or (iii) secure the assistance of another individual; otherwise, Plaintiff would be compelled to secure alternative (and self-paid) transportation, such as Uber or Lyft.

g. Defendant Jerry McDonald's actions on January 29, 2024 were committed in retaliation for Plaintiff's previous complaints regarding discriminatory practices and constituted intentional discrimination against individuals with disabilities.

h. The actions of both MART and Jerry McDonald constitute intentional negligence, recklessness, and a pattern of discriminatory conduct that has caused Plaintiff significant physical, emotional, and financial harm.

i **"To serve people by getting them where they need to go to lead their lives" is the mission statement of the Montachusett Regional Transit Authority (MART), a public transportation provider**.

j. The Secretary of Health and Human Services of Massachusetts is the head of the Massachusetts Executive Office of Health and Human Services and Mass Health and they all were made of aware of these abuses to me including the amount of money owe to me which has not been reimbursed for Plaintiff continuous out of packet self –transportations to hospitals appointments. The defendants have made Plaintiff suffer unnecessary financial hardship expenses and made Plaintiff not to be able to attend to my necessary medical appointments.

k. Furthermore they choose to intentionally retaliate, sabotage and interfered Plaintiff ongoing care constantly since November 2024 to present today by refusing to pick Plaintiff up and preventing Plaintiff from to getting to Plaintiff needed medical appointments thereby reckless endangered Plaintiff health and life.

l. Defendants purposely and insultingly have violated Plaintiff Federally Protected Rights directly and immediately impacting her access to healthcare and endangering her life.

m. Plaintiff claims these rights are protected federally and are a violation of numerous laws including and not limited to violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 3601-3619; Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 et seq.; and related human rights statutes including 42 U.S.C. § 1983.

n. Plaintiff alleges these violations are egregious in the singular but that the pattern of violation has continued and accumulated.

o. Plaintiff claims and alleges the legal tort claims of Protected Class Discrimination, Harassment, Intentional Infliction of emotional Distress, Negligent Infliction of Emotional Distress, Interference with the Access of Healthcare Services, Racial Discrimination, Violation of Contract law as Defendants are the receivers of public funds.

p. Defendants receive Federal, State and Local funds to provide services to Plaintiff.

r, Defendant's behavior is so egregious that any special protections provided to Defendants, such as non-profit status, are nullified.

s. As Defendants' behavior and actions are so callous Plaintiff believes there are others similarly situated. Thus she brings this case on behalf of others.

t. Prior to the filing of this Lawsuit Plaintiff had sent a letter to MART and on numerous occasion notified Secretary of Health and Human Services of Massachusetts through health insurance seeking a resolution to this matter and pointing out the error in the Defendants business practices. Defendants did not respond.

**CAUSES OF ACTION**

COUNT I – NEGLIGENCE, INTENTIONAL DISCRIMINATION, AND VIOLATION OF THE ADA AND TITLE VI

Plaintiff repeats and realleges the allegations contained in paragraphs 16 through 19.

15. Under Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.) and 42 U.S.C. § 12132, no qualified individual with a disability shall be denied the benefits of services provided by a public entity. Defendant MART, through its agents and representatives, including Defendant Jerry McDonald, has, by reason of Plaintiff's disability, unlawfully discriminated against her by providing inferior, delayed, and, on many occasions, no transportation services.

16. Under Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d) and related federal civil rights statutes, no person shall be discriminated against on the basis of race, color, or national origin by an entity receiving federal financial assistance.

17. Plaintiff asserts that Defendant MART and Defendant McDonald's actions in denying or delaying transportation, as well as engaging in derogatory and retaliatory behavior, have deprived Plaintiff of her rights under the ADA, Title VI, and federal civil rights laws.

18. Plaintiff specifically alleges that the conduct of Defendant McDonald on January 29, 2024, where he imposed discriminatory conditions for continued service, constitutes an egregious violation of the ADA and Title VI and is in direct contradiction to established case law including Baker v. McCollan, Burnett v. Grattan, Gomez v. Toledo, and Wyatt v. Cole.

**COUNT II – NEGLIGENCE (Violation of Civil Rights under Title VI and the ADA)**

19. Plaintiff realleges and incorporates by reference each and every allegation contained herein.

20. Defendant(s) had a duty to provide safe, nondiscriminatory medical transportation and to ensure that their employees, including drivers, are properly trained to assist individuals with disabilities in accordance with 42 U.S.C. § 12132 and Title VI of the Civil Rights Act, as well as the ADA.

21. Defendant(s) breached this duty by:
    a. Failing to implement or enforce proper training and operational processes regarding the safe handling of vehicles and equipment;
    b. Discriminating against Plaintiff on the basis of her disability, race, and gender by imposing unreasonable and discriminatory conditions on the transportation service (e.g., requiring Plaintiff to use a specific type of wheelchair or mandating the presence of an additional aide); and
    c. Preventing, delaying, or denying Plaintiff timely transportation to her essential medical appointments.

22. Defendants Tortious Interference with a Contractual agreement and Breach of Contract. Denial and/or Delay of transportation of disabled person who are Eligible for medical transportation. The defendants violated 42 U.S.C. § 12132 and Title VI of the Civil Rights Act, as well as the ADA by unlawfully denying a request for a reasonable accommodation by a patient with a physical disability. The defendant's was based upon malicious intent legal errors that adversely affected material rights of the plaintiff and based on discrimination. Accommodations because of handicap and discrimination on the basis of handicap includes (1) a refusal to make, reasonable modification which such modification is necessary to afford such person full enjoyment of such services. "Discrimination includes … a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped person] equal opportunity to use and enjoy a service." "[A] reasonable accommodation is required where there is a causal link between the disabilities for which the accommodation is requested.

23. As a direct and proximate result of such negligence, Plaintiff suffered severe physical injuries, emotional distress, medical complications, and financial hardship.

## COUNT III – NEGLIGENCE AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

25. Defendant Secretary of Health and Human Services, MART and Defendant McDonald owed a duty of care to Plaintiff to provide safe, reliable, medical necessity designated type of vehicle and humane transportation services free from discrimination and harassment.

26. By engaging in intentional acts designed to discriminate against, harass, and retaliate against Plaintiff, and by failing to ensure that its drivers were properly trained to handle transportation for individuals with disabilities, the Defendants breached this duty.

27. As a direct and proximate result of this breach, Plaintiff has suffered severe physical injuries requiring emergency medical treatment, ongoing medical complications, and significant emotional distress (including humiliation, trauma, and distress), as well as financial hardship due to the necessity of securing alternative transportation.

28. Plaintiff's claims of negligence and intentional infliction of emotional distress are supported by her documented history of injuries and the consistent pattern of retaliatory behavior by Defendant McDonald.

29. Defendant(s), through their outrageous and egregious conduct – including but not limited to the acts of Mr. Jerry McDonald, who has repeatedly verbally and physically abused, humiliated, and dehumanized Plaintiff – engaged in intentional, reckless, and malicious misconduct that was calculated to cause severe emotional distress.

30. Defendant(s)' actions were extreme and outrageous and, as a direct and proximate cause, have inflicted substantial emotional harm, shock, indignity, humiliation, and mental suffering upon Plaintiff.

## ARGUMENT IN SUPPORT OF PLAINTIFF'S COMPLAINT

31. Plaintiff reserves the right to provide an affidavit to this court in support of her claims against any and all Defendants.

32. Plaintiff asserts that the federal law is an essential element of her cause of action. The factual allegations set forth herein disclose that Defendant(s)' actions not only deprived her of the benefits of safe and accessible transportation but also violated her federally protected rights as guaranteed by the Civil Rights Act, the ADA, and the U.S. Constitution.

33. Defendant(s) are not barred by their status as public officials from being held liable for negligence or other damages in the making of an official decision, particularly where such actions were taken in bad faith, with malice, or with corruption, pursuant to 42 U.S.C. § 1983, as explained in Baker v. McCollan, 443 U.S. 137 (1979); Burnett v. Grattan, 468 U.S. 42, 55 (1984); and Wyatt v. Cole, 504 U.S. 158, 161 (1992).

34. Plaintiff further alleges that under Section 1983, two elements are necessary: (a) a deprivation of a federally protected right, and (b) that the deprivation occurred under color of law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) and Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997). Plaintiff asserts that Defendant(s)' intentional negligence in denying her transportation services was the direct cause of the deprivation of her rights, as established in Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir. 2008).

35. The Court should accept all factual allegations contained in this Complaint as true and construe them in the light most favorable to Plaintiff. See Eigerman v. Putnam Invs., Inc., 450 Mass. 281, 286 (2007); Nader v. Citron, 372 Mass. 96, 98 (1997); and Fairneny v. Savogran Co., 422 Mass. 469, 470, 664 N.E.2d 5 (1996).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant(s), and demands that this Court enter an order granting temporary injunctive relief, permanent relief, and damages as the following reliefs:

36. a. **Injunctive Relief:**

    i. Plaintiff seeks an Order from this Honorable Court seeking temporary (while the case is proceeding) injunctive relief to immediately provide her with transportation to her medical appointments as is necessary. This order of transportation services includes the loading and unloading of her personal wheelchair into the patient medical necessity restrictions prescribe type of vehicles (medically prescribe large Sedan and large SUV with front seat siting). This will stop the accruing of some of the harm the Plaintiff is experiencing and is exactly what MART is contracted to provide under federal contracts; and

    ii. An order requiring Defendant(s) to immediately cease all discriminatory practices and to institute policies that accommodate the transportation needs of individuals with disabilities;

    iii. A preliminary and permanent injunction preventing Defendant(s) from denying or restricting transportation services to individuals with disabilities, in violation of the ADA and Title VI;

    iv. That the Court issues a preliminary and permanent injunction requiring Defendants to cease all discriminatory and retaliatory practices and to comply with the non-discrimination requirements of the ADA and Title VI;

    v. That the Court order an emergency injunction directing Defendants to immediately provide Plaintiff and all similarly situated individuals with unobstructed access to transportation services for necessary medical appointments;

    vi. For a preliminary and permanent injunction ordering Defendant(s) to cease discriminatory practices and to institute and enforce policies that provide equal, non-discriminatory, and

      accessible transportation services for individuals with disabilities in accordance with the ADA and Title VI;

vii. Declared that Defendants must promptly comply with the non-discrimination requirements of the ADA and Title VI and establish and maintain a sufficient number of reasonable accommodations for patient with medical necessity restrictions prescribe type of vehicles with chronic disabilities under state and federal law.

37. b. **Compensatory Damages:**

An award of damages in the amount of $2,000,000 (two million dollars), plus interest and costs, to compensate Plaintiff for the physical injuries, emotional trauma, financial hardship, public scorn, Individualized Discrimination and other harms suffered. That the Court award Plaintiff compensatory damages including punitive damages in the sum of two million dollars ($2,000,000), together with interest, attorney's fees, and costs, in an amount to be determined at trial and any additional damages awarded by the Jury. That the court order Defendants to reimburse Plaintiff for all out-of-pocket expenses incurred for securing alternative transportation as a result of Defendants' failures.

38. c. **Declaratory Relief:**

A judicial declaration that Defendant(s)' actions violated—without any bar of immunity—42 U.S.C. § 1983, 42 U.S.C. § 2000d, and 42 U.S.C. § 12131 et seq., as well as the protections afforded by the Fifth and Fourteenth Amendments regarding due process and equal protection. For a declaratory judgment that Defendant(s)' actions violated the Fifth and Fourteenth Amendments, 42 U.S.C. § 1983, Title VI of the Civil Rights Act, and Title II of the ADA;

39. d. **Attorney's Fees and Costs:**

An award of reasonable Attorney's fees, Expert fees, and filing costs, document photocopying, printing, mailing, and all allied costs incurred prosecuting this this action. Please note: This demand is further supported by the fact that before filing this lawsuit Plaintiff sought an out of court process with the Defendant(s).

40. e. **Other Relief:**

Any and all other relief that this Court deems just and proper under the circumstances, including but not limited to any treble damages as provided under applicable Federal and State law. That the Court grant treble damages as provided for under applicable federal civil rights statutes and any additional statutory remedies for civil rights violations.

F. That the Court provides such other and further relief as it deems just and proper.

G. That Plaintiff be awarded her right to a Jury Trial on all causes of action set forth herein.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

**DEMAND FOR RELIEF**

Plaintiff prays that this Court enter judgment in her favor against Defendants and against them jointly and severally for all damages, injunctive relief, costs, fees, and any other relief that the Court deems appropriate.

Respectfully submitted,

X _kelechilinardon_ /s/

Date: 04/04/25
Kelechi Linardon
Pro Se Plaintiff