IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF MASSACHUSETTS

Case Docket No.: 1:25-cv-10772

Kelechi Linardon, an Individual
Pro Se, and on behalf of all others similarly situated **if a class is determined**

**Plaintiff,**

v.

Executive Office of Health and Human Services
Kate Walsh- (in their individual and official capacities),

Montachusett Regional Transit Authority (MART) and
Jerry McDonald, in their individual and official capacities
1427R Water Street, Fitchburg, MA 01420

DOES I through X, inclusive, and ROE
Business Entities I through X inclusive

**Defendants**

*Emergency*

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION RELIEF HEARING PENDING JURY LITIGATION

**MOTION**

NOW COMES Plaintiff, Kelechi Linardon, and respectfully moves this Court for an emergency hearing on Plaintiff's Motion for Preliminary Injunction Relief pursuant to Fed. R. Civ. P. 65. The motion is based on the substantial and irreparable harm detailed in Plaintiff's Complaint and the accompanying Memorandum in Support of this Motion, and is supported by the following:

1. Plaintiff requests an emergency hearing on preliminary injunction relief under Rule 65 for the reasons set forth in the Civil Complaint Action, which demonstrate that irreparable injury will occur if the discriminatory and unconstitutional practices are allowed to continue pending jury litigation.

2. The primary purpose of a preliminary injunction is to prevent irreparable injury and preserve the status quo pending a final adjudication. See United Food Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth., 163 F.3d 341, 348 (6th Cir. 1998).

3. In determining whether to grant a preliminary injunction, this Court must consider the following factors: a. The likelihood of success on the merits; b. The threat of irreparable injury absent an injunction; c. The balance of harms to the parties; and d. The public interest. See Jones v. Caruso, 569 F.3d 258, 277 (6th Cir. 2009).

4. The standard for preliminary injunction relief is flexible, requiring a balanced consideration of the four factors. See Worthington Foods, Inc. v. Kellogg Co., 732 F. Supp. 1417, 1427 (S.D. Ohio 1990); Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006).

5. Particularly in cases raising potential constitutional violations, the likelihood of success on the merits is a determinative factor. See Liberty Coins, LLC v. Goodman, 748 F.3d 682, 689 (6th Cir. 2014).

6. Plaintiff's Complaint pleads sufficient facts to state a claim that is plausible on its face, establishing a clear causal link between the Defendant's conduct and the irreparable harm suffered.

7. When the Government is a defendant, the third and fourth factors – harm to others and the public interest – tend to merge, as recognized in Nken v. Holder, 556 U.S. 418, 435 (2009).

8. **Factual Allegations:**
    a. Plaintiff has long relied on MART for essential transportation services to access crucial medical appointments, as required under her disability rights. b. Plaintiff, a disabled, wheelchair-bound individual, has suffered repeated instances of discrimination, harassment, and abuse, including verbal assaults, physical harm, and dehumanizing treatment. c. On January 29, 2024, Defendant Smith Lowe blatantly violated federal law by denying transportation to individuals with disabilities. Plaintiff was informed that to continue receiving transportation, she must either transfer her power collapsible wheelchair without assistance, use a specific type of wheelchair chosen by the Defendant, or secure additional support—conditions that constitute discriminatory retaliation. d. The conduct of MART and Defendant Smith Lowe constitutes a pattern of intentional negligence, intentional discrimination, and intentional infliction of emotional distress. e. Additionally, Defendant's actions amount to tortious interference with a contractual relationship and Breach of Contract, given that MART is a state-contracted provider obligated to furnish nondiscriminatory transportation services under medical necessity.

9. **Causes of Action:**
    Plaintiff asserts claims for negligence; intentional discrimination; violations of the ADA (42 U.S.C. § 12131 et seq.) and Title VI of the Civil Rights Act (42 U.S.C. §§ 3601-3619, 2000d); intentional infliction of emotional distress; and tortious interference with contractual obligations. Plaintiff further argues that the Defendant's policies are unconstitutional as they are neither adequately tailored to serve a sufficient government interest nor do they provide necessary accommodations based on protected speech and human rights associations. The Defendant's unconstitutional provisions are not severable, and thus, all actions should be declared invalid.

10. **Irreparable Injury and Public Interest:**
    Absent a preliminary injunction, Plaintiff will continue to suffer irreparable harm including

loss of critical medical care, ongoing physical and emotional deterioration, and financial hardship. Granting the injunction will both prevent further constitutional violations and serve the public interest by ensuring that governmental and state-contracted practices adhere to federal law. See Roth v. Bank of Commonwealth, 583 F.2d 527, 537 (6th Cir. 1978); Brandeis Machinery & Supply Corp. v. Barber-Geene Co., 503 F.2d 503 (6th Cir. 1974); Coalition to Defend Affirmative Action v. Granholm, 473 F.3d 237, 252 (6th Cir. 2006).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant this Motion for an emergency hearing on preliminary injunction relief pursuant to Fed. R. Civ. P. 65;

B. Issue a preliminary injunction (temporary and, if warranted, permanent) enjoining Defendant(s) from:
    i. Denying or delaying transportation services to individuals with disabilities;
    ii. Continuing discriminatory and retaliatory practices; and
    iii. Failing to provide immediate, medically necessary transportation accommodations as set forth in Plaintiff's Complaint;

C. Order Defendant(s) to provide Plaintiff, and all similarly situated individuals, with prompt and adequate transportation services including those necessary for loading and unloading wheelchairs as medically prescribed;

D. Award any additional relief this Court deems just and proper pending the trial by jury on the merits.

Respectfully submitted,

Plaintiff, *PRO SE*

*kelechilinardon*

KELECHI LINARDON
DATED: April 23, 2025

## MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION RELIEF

### I. INTRODUCTION

Plaintiff seeks a preliminary injunction, pending jury litigation, to prevent Defendant(s) from continuing discriminatory practices that result in the deprivation of essential transportation services. This Motion is brought pursuant to Fed. R. Civ. P. 65 and is supported by substantial factual allegations contained in the Complaint.

### II. ARGUMENT

**A. Purpose and Necessity of a Preliminary Injunction**

    A preliminary injunction is designed to preserve the status quo and prevent irreparable injury

pending a final decision on the merits. See United Food Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth., 163 F.3d 341, 348 (6th Cir. 1998).

### B. Standard for Granting a Preliminary Injunction

This Court must balance four factors: (1) likelihood of success on the merits; (2) irreparable injury absent the injunction; (3) harm to others; and (4) the public interest, as established in Jones v. Caruso, 569 F.3d 258, 277 (6th Cir. 2009). These factors are considered flexibly, as demonstrated in Worthington Foods, Inc. v. Kellogg Co., 732 F. Supp. 1417, 1427 (S.D. Ohio 1990), and Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006).

### C. Likelihood of Success on the Merits

In cases involving potential constitutional violations, a strong likelihood of success on the merits is particularly important. See Liberty Coins, LLC v. Goodman, 748 F.3d 682, 689 (6th Cir. 2014). Plaintiff's Complaint sets forth numerous factual allegations which, if proven, establish a clear basis for a claim under the ADA, Title VI, and other federal laws.

### D. Factual and Legal Basis for Relief

1. Plaintiff has long relied on MART for transportation for essential medical care but has been subjected to systematic discrimination and retaliatory practices.

2. Defendant's actions—including conditions imposed on Plaintiff that effectively deny timely and safe transportation services—demonstrate violations of the ADA, Title VI, and fundamental constitutional rights.

3. The legal claims for negligence, intentional discrimination, intentional infliction of emotional distress, and breach of contract coupled with tortious interference are well-grounded in fact and law.

4. The Secretary of Health and Human Services of Massachusetts is the head of the Massachusetts Executive Office of Health and Human Services and my Health Insurance and they all were made of aware of these abuses to me including the amount of money owe to me which has not been reimbursed for Plaintiff continuous out of packet self-transportations to hospitals appointments. The defendants have made Plaintiff suffer unnecessary financial hardship expenses and made Plaintiff not to be able to attend to my necessary medical appointments.

5. Prior to the filing of this Lawsuit Plaintiff had sent a letter to MART and on numerous occasion notified Secretary of Health and Human Services of Massachusetts through health insurance seeking a resolution to this matter and pointing out the error in the Defendants business practices. Defendants did not respond.

6. In this context, the third (harm to others) and fourth (public interest) factors merge, particularly given that governmental responsibilities and public funds are implicated. See Nken v. Holder, 556 U.S. 418, 435 (2009).

### E. Irreparable Harm and Public Interest

Plaintiff will continue to suffer irreparable harm, including diminished access to critical medical services and ongoing constitutional violations, in the absence of an injunction. The balance of equities and public interest overwhelmingly favor the issuance of a preliminary injunction to halt Defendant(s)' allegedly unconstitutional practices, as further supported by established case law.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the Motion for Preliminary Injunction Relief and schedule an emergency hearing to resolve this matter expeditiously, thereby safeguarding Plaintiff's fundamental rights pending full jury litigation on the merits.

## REQUEST FOR HEARING WITH REASONABLE ACCOMMODATIONS

Plaintiff is requesting for Reasonable Accommodations under Civil Rights Act and American with Disabilities Act (ADA) on the scheduling hearing of this Motion to be held remotely by phone and for the hearing date, day and time because as the court already know that I am a nursing Disabled patient, I undergoing series of serious medical intensive treatments care with medical restrictions. The Plaintiff respectfully is also requesting under ADA Act reasonable accommodation including on the time, date and phone zoom type of hearing **when the hearings date is scheduled, that it be scheduled for afternoon session at 2:00.pm and TO WORK WITH ME under the reasonable accommodations when scheduling the hearing to accommodate on the date and the time set for the above motion for hearing so that it will not conflict with my ongoing medical care treatments schedules and medical appointments.** It is my wish to be on the hearings so that I can be afforded the opportunity to hear by the court by right and the same rights is and should also be extended to litigants parties in a litigation as a Constitutional Rights, therefore, the public interest would expect that court would extend the same courtesy to litigant and afford a person basic human rights or reasonable accommodations under ADA Act. Thank you

Respectfully submitted,

Plaintiff, *PRO SE*

*Kelechilinardon*

KELECHI LINARDON
DATED: April 23, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2025, a true and correct copy of the foregoing Motion for Leave to Seal was served upon all counsel of record via method of service, e.g., electronic filing, e-mail, and/or mail.