UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| KELECHI LINARDON<br><br>    Plaintiff,<br><br>    v.<br><br>EXECUTIVE OFFICE OF HEALTH AND HUMAN SERVICES; KATE WALSH, Individually and in Her Official Capacity; MONTACHUSETT REGIONAL TRANSIT AUTHORITY; JERRY MCDONALD, Individually and in His Official Capacity; DOES l through X, inclusive, and ROE Business Entities I through X inclusive,<br><br>    Defendants. | 1:25-cv-10772-WGY |

**DEFENDANT EXECUTIVE OFFICE OF HEALTH AND HUMAN SERVICES OPPOSITION TO PLAINTIFF'S MOTION TO SEAL**

Defendants Executive Office of Health and Human Services and Kate Walsh in her official capacity (collectively, "EHS")[1] hereby oppose Plaintiff Kelechi Linardon's ("Linardon") Motion for Leave to Seal. [Dkt. No. 6]. Linardon fails to show good cause why the Court should broadly restrict public access to this case, and has not complied with the requirements of D. Mass. Local Rule 7.2. Therefore, the Motion to Seal should be denied.

As a general matter, court dockets, records, and documents are open for the public to copy and inspect as of right. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); Scalone-Finton v. Falmouth Pub. Sch.,

---

[1] An official capacity suit is, in all respects but name, a lawsuit against the entity itself. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). Plaintiff's claims against Secretary Walsh in her official capacity are therefore treated as claims against EHS.

1:21-cv-11792-JEK, 2024 WL 126002, at *1 (D. Mass. Jan. 11, 2024) (same); see also Republican Co. v. Appeals Court, 442 Mass. 218, 223 (2004) (stating that impoundment "is always the exception to the rule, and the power to deny public access to judicial records is to be strictly construed in favor of the general principle of publicity."). "While this right is not absolute, 'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'" Scalone-Finton, 2024 WL 126002, at *1 (quoting United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013)). "To meet its burden to show good cause for an impoundment order, the party seeking to impound judicial records must make 'a particular factual demonstration of potential harm' that would result if the public were to retain access to the documents." Id. (quoting Kravetz, 706 F.3d at 60). In other words, the party "must explain, on a document-by-document basis, why sealing is required and how [that party's] request satisfies the applicable legal standard." Id. (quoting Bradford & Bigelow, Inc. v. Richardson, 109 F. Supp. 3d 445, 447 (D. Mass. 2015)).

Linardon's Motion to Seal does not meet this rigorous standard. Indeed, it fails to identify any documents that should be sealed, let alone make a "particular factual demonstration of potential harm" that would result from public dissemination on a "document-by-document basis." Instead, Linardon generally contends that this case "contains a significant amount of HIPAA-protected medical information as well as other sensitive federal identifiers that, if publicly disclosed, could compromise patient privacy, lead to identity theft, and cause other irreparable harm." [Dkt. No. 6 at 1 ¶ 1]. But this kind of conclusory, "broad impoundment request"—describing "entire categories of documents," and asserting that the claims at issue generally relate to medical records and other vague "sensitive federal identifiers"—is "insufficient to overcome the presumption of public access." Scalone-Finton, 2024 WL 126002, at *1.

2

Plaintiff's Motion to Seal should also be denied because she did not follow D. Mass. Local Rule 7.2(a), which states that "[w]henever a party files a motion to impound, the motion shall contain a statement of the earliest date on which the impounding order may be lifted, or a statement, supported by good cause, that the material should be impounded until further order of the court." Additionally, under L.R. 7.2(d), "[t]he court will not enter blanket orders" for impoundment. Rather, a "motion for impoundment must be presented each time a document or group of documents is to be filed." Linardon has not identified what specific materials she would like to have sealed or impounded. Instead, she seeks what L.R. 7.2(d) prohibits, a "blanket order" for impoundment, untethered from "a document or group of documents."

In her Motion, Linardon cites to Fed. R. Civ. P. 5.2, which permits parties to file incomplete or redacted versions of enumerated categories of sensitive data, namely "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number." Fed. R. Civ. P. 5.2(a)(1)–(4). The Rule also permits the Court to "order that a filing be made under seal without redaction," again referring to a single filing, and not an entire case. Fed. R. Civ. P. 5.2(d). There is nothing in Rule 5.2 that permits the kind of overbroad, blanket impoundment Linardon seeks.

For the foregoing reasons, Defendants Executive Office of Health and Human Services and Kate Walsh in her official capacity request that this Honorable Court deny Plaintiff's Motion for Leave to Seal.[2]

---

[2] Defendant EHS would not necessarily oppose efforts by Plaintiff to seal specific documents in compliance with L.R. 7.2, or to file redacted versions of certain documents while sharing unredacted copies in a non-public forum. This can be done on a document-by-document basis. But Plaintiff's efforts to impound the entire case at the outset is contrary to law and should be denied.

      Respectfully submitted,

      DEFENDANTS,

      EXECUTIVE OFFICE OF HEALTH AND
      HUMAN SERVICES, and KATE WALSH in Her
      Official Capacity,

      ANDREA JOY CAMPBELL
      ATTORNEY GENERAL

      */s/ Nadav S. Pearl*
      Nadav S. Pearl, BBO No. 707592
      Assistant Attorney General
      Government Bureau, Trial Division
      One Ashburton Place
      Boston, MA 02108
      Nadav.Pearl@mass.gov | (617) 963-2881

Dated: April 30, 2025

### CERTIFICATE OF SERVICE

    I, Nadav S. Pearl, Assistant Attorney General, hereby certify that on April 30, 2025, I filed this document, and any exhibits and attachments thereto, via the CM/ECF system, so as to result in service upon all participants registered as ECF users by transmission of a Notice of Electronic Filing. I further certify that I served a copy of this document, and any exhibits and attachments thereto, on the Plaintiff via regular mail at:

    Kelechi Linardon
    P.O. Box 52661
    Boston, MA 02205

      */s/ Nadav S. Pearl*
      Nadav S. Pearl
      Assistant Attorney General