# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELECHI LINARDON<br><br>    Plaintiff,<br><br>    v.<br><br>EXECUTIVE OFFICE OF HEALTH AND HUMAN SERVICES; KATE WALSH, Individually and in Her Official Capacity; MONTACHUSETT REGIONAL TRANSIT AUTHORITY; JERRY MCDONALD, Individually and in His Official Capacity; DOES l through X, inclusive, and ROE Business Entities I through X inclusive,<br><br>    Defendants. | 1:25-cv-10772-WGY |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EXECUTIVE OFFICE OF HEALTH AND HUMAN SERVICES' MOTION TO DISMISS**

  Defendants Executive Office of Health and Human Services and Kate Walsh in her official capacity (collectively, "EHS"), submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1] EHS also incorporates its Opposition to Plaintiff's Motion for Preliminary Injunction (hereinafter, "Opposition" or "Opp."), which illustrates that the claims are barred as a matter of law and deficient as a matter of fact. [Opp., Dkt. 21].

---

[1]   Plaintiff names Kate Walsh, Secretary of Health and Human Services, as a defendant in her official and individual capacities. An official capacity suit, in all respects but name, is a lawsuit against the entity itself, in this case EHS. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). Plaintiff has not filed a return of service for Secretary Walsh individually, and it appears that the Secretary was never served. Without waiving any of the Secretary's claims or defenses, including as related to improper or insufficient service, EHS discusses the reasons why Plaintiff's claims against the Secretary individually should also be dismissed.

## ALLEGATIONS

EHS summarizes Plaintiff's allegations as set forth in her Complaint, endeavoring to "distinguish the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (quoting Cardigan Mt. Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015)).

Plaintiff is a "homecare nursing, disabled, wheelchair-bound" individual, who has utilized transportation services provided by the Montachusett Regional Transit Authority ("MART") for many years. [Dkt. 1 at 2 ¶ 4; 3 ¶ a]. She alleges that she has a "medical physicians PT1 form," for transportation in "specific types of vehicle [sic] and seating location." Id. at 3 ¶ a. According to Plaintiff, MART, and specifically Assistant Director of Member Services Jerry McDonald, "intentionally, recklessly, and negligently deprived [her] of timely, safe, and nondiscriminatory transportation." Id. at 2 ¶ 5. She claims to have suffered "severe and repeated abuse," and to have been "verbally assaulted, cruelly abused, dehumanized, [and] mocked" so as to result in "injuries requiring emergency medical procedures and subsequent medical complications." Id. at 3 ¶ d.

However, in her entire Complaint, Plaintiff identifies only a single incident of this supposedly injurious conduct: a phone call with Jerry McDonald allegedly held on January 29, 2024, during which he informed her that to continue receiving MART transportation, she would have to place her own "power collapsible wheelchair into the vehicle without assistance," "use a specific type of wheelchair," and "secure the assistance of another individual." Id. at 4 ¶ g. Further, despite her claims that she has suffered immense injury including medical procedures and complications, Plaintiff does not describe, identify, or discuss even a single concrete example of these harms anywhere in her Complaint.

EHS and Secretary Walsh are barely mentioned in the Complaint, and only in generalized allegations that do not involve any direct contact or interactions with Linardon. Plaintiff alleges

that EHS and Secretary Walsh "are responsible for the design, implementation, and oversight of MART's transportation services." Id. at 3 ¶ 11. She claims that EHS and the Secretary were "made aware" of MART's "abuses," which caused Plaintiff to "suffer unnecessary financial hardship" and miss "necessary medical appointments." Id. at 4 ¶ j. Lastly, she alleges that since November of 2024, Defendants, which appear to include EHS and Secretary Walsh, have "constantly" chosen to "intentionally retaliate, sabotage, and interfere[]" with her "ongoing care" by "preventing [her] from getting to . . . medical appointments." Id. at 4 ¶ k. Plaintiff does not describe or identify a single expense or missed appointment anywhere in her Complaint. Further, she does not specify what involvement EHS or Secretary Walsh have had in making transportation decisions for her on an individualized basis.

Plaintiff appears to assert the following causes of action: negligent and intentional infliction of emotional distress ("NIED" and "IIED," respectively); breach of unspecified federal rights under 42 U.S.C. § 1983; violation of Title II of the Americans with Disabilities Act ("ADA"); violation of Title VI of the Civil Rights Act of 1964 ("Title VI"); retaliation in violation of the ADA and Title VI; breach of contract, and tortious interference with a contractual relationship.

## ARGUMENT

Plaintiff's Complaint is devoid of any factual details. Instead, it is filled with conclusory, baseless accusations that do not satisfy the requirements of Fed. R. Civ. P. 8. Dismissal is therefore warranted pursuant to Rules 12(b)(1) and (b)(6).[2]

---

[2] The Court may, in its discretion, convert this filing into a Motion for Summary Judgment by considering the Declaration of Rebecca Badgley and Exhibits attached thereto (hereinafter, "Badgley Declaration"), filed in support of EHS's Opposition. [See Dkt. 22]; Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (citing Fed. R. Civ. P. 12(d); Garita Hotel Ltd. Pshp. v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 18 (1st Cir. 1992)). The Badgley Declaration plainly demonstrates that Plaintiff's claims are unfounded, and the Court can therefore dispose of the case on the merits. However, even examined under the standards of Rule 12, the Complaint is bereft of factual assertions, warranting dismissal.

## I. STANDARDS OF REVIEW

"When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." Ploss v. Mass. Dep't of State Police, No. 1:23-CV-13236-DLC, 2025 WL 871223, at *1 (D. Mass. Mar. 19, 2025) (quoting Ne. Erectors Ass'n v. Sec'y of Labor, 62 F.3d 37, 39 (1st Cir. 1995)). As the party asserting jurisdiction, Plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). "If the party seeking to invoke federal jurisdiction fails to demonstrate a basis for jurisdiction, the motion to dismiss must be granted." Murphy v. Bernier, 735 F. Supp. 3d 55, 59–60 (D. Mass. 2024) (quotation omitted).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. See O'Brien v. Deutsche Bank Nat'l Trust Co., 948 F.3d 31, 35 (1st Cir. 2020). "To survive a motion to dismiss," the "complaint 'must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" Saldivar, 818 F.3d at 18 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Court must "accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor." O'Brien, 948 F.3d at 35 (quotation omitted). However, "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Ali Abdisamad v. City of Lewiston, 960 F.3d 56, 59 (1st Cir. 2020) (quotation omitted).

"Where, as here, a motion to dismiss is filed against a pro se litigant, any document filed by the pro se party is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Mayanja v. Wellpath, 682 F. Supp. 3d 101, 105 (D. Mass. 2023) (quotation omitted). While "the requirements of Rule 8(a)(2) are minimal," however, they are "not tantamount to nonexistent requirements."

Tierney v. Town of Framingham, 292 F. Supp. 3d 534, 543 (quotation omitted). "[E]ven a pro se plaintiff is required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Id. at 541 (quotation omitted).

## II. MANY OF PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR LACK OF JURISDICTION.

As discussed in EHS's Opposition, Plaintiff's tort and 42 U.S.C. § 1983 claims cannot proceed against EHS. [Opp. Dkt. 21, at 7–11]. The tort claims are barred by the Eleventh Amendment, see Caisse v. DuBois, 346 F.3d 213, 218 (1st Cir. 2003), and her § 1983 claim is barred by the Commonwealth's sovereign immunity, see Nakanwagi v. Exec. Off. of the Trial Ct., No. 23-10533-FDS, 2024 WL 38749, at *3 (D. Mass. Jan. 3, 2024). Even accepting as true all of Plaintiff's allegations, she cannot overcome these clear barriers to suit.

Further, many of Plaintiff's claims directed at Secretary Walsh are barred as a matter of law. To the extent that Plaintiff attempts to pursue a claim for NIED against the Secretary, that would be foreclosed by the Massachusetts Tort Claims Act ("MTCA"). See Berry v. Commerce Insurance Company, 488 Mass. 633, 637 (2021) (edits in original) (quoting G. L. c. 258, § 2). Plaintiff's federal statutory claims under Title II and Title VI likewise cannot proceed, where these statutes provide no cause of action against individuals in their individual capacity. See Pollard v. Georgetown Sch. Dist., 132 F. Supp. 3d 208, 230 (D. Mass. 2015); Wiesman v. Hill, 629 F. Supp. 2d 106, 111 (D. Mass. 2009).

## III. PLAINTIFF'S REMAINING CAUSES OF ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Plaintiff's causes of action not jurisdictionally barred include: claims for NIED, and pursuant to Title II and Title VI, against EHS; claims for IIED and violation of § 1983 against Secretary Walsh individually; and claims for retaliation and breach of contract against both EHS

5

and Secretary Walsh individually.  As illustrated in EHS's Opposition, Plaintiff's Complaint fails to "set forth factual allegations" against EHS or Secretary Walsh "respecting each material element necessary to sustain recovery under some actionable legal theory."  Indeed, Plaintiff does not allege or specify anything to give rise to a cause of action against those defendants.  Linardon mentions EHS and the Secretary only a handful of times in the entire Complaint—stating that they hired MART to provide transportation services, alleging (without any detail) that they were "made aware" of Plaintiff's concerns, and otherwise asserting without basis that they discriminated against and injured her.  [See Dkt. 1 at 2 ¶ 4, 3 ¶ 11, 4 ¶ j, 5 ¶ t].  Plaintiff does not include any facts to demonstrate the alleged "harassment" or "abuse," whether negligent or intentional, and fails to allege any intentional or retaliatory conduct, or a contractual relationship between Plaintiff and anyone else.  The "meager, vague, [and] conclusory" allegations against EHS and the Secretary amount to "mere conjecture," and fall far short of the requirements of Rule 8.  See Ali Abdisamad, 960 F.3d at 59.

      Plaintiff's failure to set forth factual allegations supporting any theory of liability renders her Complaint entirely deficient.  There is nothing in the Complaint that would sustain any cause of action against EHS or the Secretary individually, and her claims—to the extent not barred by law—should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

Respectfully submitted,

DEFENDANTS,

EXECUTIVE OFFICE OF HEALTH AND HUMAN SERVICES, and KATE WALSH in Her Official Capacity,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

 */s/ Nadav S. Pearl*
Nadav S. Pearl, BBO No. 707592
Assistant Attorney General
Government Bureau, Trial Division
One Ashburton Place
Boston, MA 02108
Nadav.Pearl@mass.gov | (617) 963-2881

Dated: May 8, 2025

## **CERTIFICATE OF SERVICE**

I, Nadav S. Pearl, Assistant Attorney General, hereby certify that on May 8, 2025, I filed this document, and any exhibits and attachments thereto, via the CM/ECF system, so as to result in service upon all participants registered as ECF users by transmission of a Notice of Electronic Filing.

I further certify that I served a copy of this document, and any exhibits and attachments thereto, on the Plaintiff via email and regular mail at:

Kelechi Linardon
kab4k@netscape.net
P.O. Box 52661
Boston, MA 02205

 */s/ Nadav S. Pearl*
Nadav S. Pearl
Assistant Attorney General

7